UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUBY ROBINSON, et al.,

        Plaintiffs,

  v.

VICTOR S. BRICE, et al.,

        Defendants.
                                          /

No. C 09-5627 MHP

**ORDER OF REMAND**

      This action was removed to this court from the Superior Court of the County of Contra Costa on November 30, 2009, premised on this court's federal question jurisdiction. The removal cites as the only basis for this court's jurisdiction "a claim or right arising under the First Amendment of the United States Constitution and/or laws of the United States, regardless of how labeled". Although a jurisdictional amount consistent with diversity jurisdiction is alleged, "$75,000", no allegations of diversity jurisdiction are set forth, nor could they be since it appears that all or most of the plaintiffs are of the same citizenship as defendants, namely California. Indeed, the complaint, while not alleging "citizenship", alleges that the plaintiffs are residents of Contra Costa County, California.

      A review of the face of the complaint reveals no federal questions. The complaint alleges only a number of state law claims relating to the governance of a church of which plaintiffs are members. The mere fact that the complaint involves a church, which is alleged to be a California corporation, does not necessarily implicate First Amendment rights. The gravamen of the complaint involves breaches of fiduciary duty by the defendant Pastor Brice and other persons apparently affiliated with the church or the Pastor. The complaint further alleges violations of the California Corporations Code, unfair business practices, negligence, breach of employment agreement and

1  conversion among other state law claims. None of these claims is based upon First Amendment
2  rights and none of them makes any claim that can be construed as presenting a federal question.
3       This court cannot presume federal law. The removal statute is strictly construed against
4  removal jurisdiction. Indeed, "[f]ederal jurisdiction must be rejected if there is any doubt as to the
5  right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).
6  Federal Rule of Civil Procedure 12(h)(3) places the burden on the court to always be mindful of its
7  jurisdiction and if at any time during the pendency of the action it determines that jurisdiction is
8  lacking the court must dismiss the action. This Circuit has also held that a court may raise the
9  question of jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc*., 316 F.3d 822, 826 (9th Cir. 2002).

10       Here, there is no invocation of a federal question on the face of the complaint. Consequently,
11  since federal question jurisdiction does not appear on the face of plaintiffs' complaint and since
12  there appears to be some urgency in the need for early injunctive relief which this court has no
13  jurisdiction to grant this court *sua sponte* orders remand of the above-entitled action.

14       Accordingly, this action is REMANDED to the Superior Court of the County of Contra
15  Costa and the Clerk of Court shall transmit immediately a certified copy of this order to the Clerk of
16  that Court.

17       IT IS SO ORDERED.
18  Dated: December 17, 2009

                                          MARILYN HALL PATEL
19                                           United States District Court Judge
                                          Northern District of California